PORTAGE MORTGAGE LOAN & TRUST COMPANY, in liquidation: NASH, Administrator, and others, Claimants, Petitioners.

*January 14—February 8, 1927.*

*Contracts: Of assignor of mortgage to pay the same: Construction: Duration of liability.*

Where a loan company in 1913 assigned a mortgage not maturing until 1918, and in writing agreed that the mortgage would be paid to the assignee "on January 24, 1915, or as soon thereafter as he may desire," the obligation of the loan company to pay the mortgage on demand of the assignee expired at its maturity.

APPEAL from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

The appeal is from a judgment in favor of defendant dismissing plaintiff's complaint.

In June, 1913, the respondent, *Portage Mortgage Loan & Trust Company,* loaned to one *John McGirr* and wife the sum of $1,000, as security for which it took a note for the

amount, payable in five years with interest, and this loan was secured by a real-estate mortgage on property in Adams county. On August 1, 1913, one George W. Case, having $1,000 to invest, applied to the *Trust Company*, and the negotiations which then ensued resulted in an assignment of the $1,000 McGirr note and mortgage to said Case by the *Trust Company*, and contemporaneously with the execution of said assignment the parties executed an agreement by which the *Trust Company* undertook to attend to the collection of the interest and principal of said securities and to keep the property insured. The agreement was signed by the *Trust Company* and by Case, and under the signatures there was added the following:

"P. S. It is hereby agreed that this mortgage is to be paid to Mr. Case on January 24, 1915, or as soon thereafter as he may desire."

Case died on July 27, 1914, testate, and under his will his widow, Nancy E. Case, was given a life estate in all of his property, and upon her death the personal property was bequeathed to the two daughters, *Jennie W. Smith* and *Mary Belle Gray*. Nancy E. Case, the widow, died intestate in May, 1924, leaving her surviving a son, *James F. Case,* and the two daughters above mentioned. Thereupon *Edwin G. Nash* was appointed administrator of the estate of Nancy E. Case in September, 1924.

In 1924 the *Trust Company* became insolvent and went into the hands of the banking commissioner for liquidation. Thereafter the said *Nash,* as administrator aforesaid, filed a claim for the amount of the note and mortgage and interest, in said liquidation proceedings, which claim was resisted by the respondent, with the results heretofore indicated.

*A. L. Nash* of Manitowoc, for the appellants.

For the respondent there was a brief by *H. E. Andrews,* attorney, and *Bogue & Sanderson,* of counsel, all of Portage, and oral argument by *Mr. Andrews* and *Mr. David Bogue.*

DOERFLER, J.   It is conceded by the parties that the principal issue herein involves the construction of the agreement above referred to and executed contemporaneously with the assignment of the note and mortgage.   The record discloses that when the loan was made the security was deemed amply sufficient to protect it.   In fact, it was less than a fifty per cent. loan.   It does not appear that any objections whatsoever were made to the loan on the ground of the insufficiency of the security.   Under the terms of the note it became payable in five years, viz. in June, 1918.   Under these circumstances the postscript to the agreement above referred to was added thereto.

Taking the agreement as a whole, especially in the light of the surrounding circumstances, the logical inference is that while Case entertained no doubts as to the actual sufficiency of his securities, he was of the opinion that he might need the money so invested either on January 24, 1915, which is the date specified in the postscript, or soon thereafter.

Briefly stated, the assignee of the mortgage, by his agreement, made it manifest that he might need the money for some purpose prior to the date of the maturity of the note and mortgage, which was in June, 1918.   The securities being ample when the loan was made, no doubts could have been entertained but that the note and mortgage would in any event be paid at maturity.   Therefore the provision in the postscript was inserted, pursuant to which the right or option was extended to Case, the assignee, to demand payment of the note and mortgage on January 24, 1915, or as soon thereafter as he might desire.

In our view of the case, the right to demand payment from the *Trust Company* expired at the date of the maturity of the securities.   It was so held by the learned circuit judge, and with such holding we agree.

*By the Court.*—The judgment of the lower court is affirmed.